UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BLW MOTORS, LLC, AND BW                                              PLAINTIFFS
REALTY, INC.

V.                                              CIVIL ACTION NO. 3:19-CV-577-DPJ-FKB

VICKSBURG FORD LINCOLN                                               DEFENDANTS
MERCURY, INC., AND WHT
INVESTMENTS, INC.

ORDER

Defendants in this breach-of-contract case seek an order compelling arbitration of

Plaintiffs' claims against them.  As explained below, Defendants' Motion to Compel Arbitration

and to Dismiss or Stay Case Pending Arbitration [6] is granted in part and denied in part.

I.      Facts and Procedural History

Plaintiff BLW Motors, LLC ("BLW") planned to purchase the assets of Defendant

Vicksburg Ford Lincoln Mercury, Inc. ("Vicksburg Ford"), an automobile dealership in

Vicksburg, Mississippi.  On July 11, 2019, two contracts were signed to consummate the deal:

BLW and Vicksburg Ford entered into an Asset Purchase Agreement, and Plaintiff BW Realty,

LLC ("BW Realty") and Defendant WHT Investments, Inc. ("WHT") signed a separate Contract

of Sale under which WHT agreed to sell the real property on which the dealership is located.

Plaintiffs say Defendants reneged on the planned sale, causing them financial loss.

Plaintiffs filed this lawsuit on August 19, 2019, asserting claims for breach of contract,

intentional breach of contract, breach of the covenant of good faith and fair dealing, and

promissory estoppel.  Plaintiffs seek a declaratory judgment, specific performance,

compensatory and punitive damages, costs, and attorneys' fees.  Defendants answered and filed

their Motion to Compel Arbitration, which has been fully briefed.

II.     Analysis

Defendants' motion invokes the Federal Arbitration Act ("FAA"), which provides:

> If any suit or proceeding be brought in any of the Courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3.  "Arbitration is a matter of contract between the parties, and a court cannot compel a party to arbitrate unless the court determines the parties agreed to arbitrate the dispute in question." *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1064 (5th Cir. 1998).

> In adjudicating a motion to compel arbitration under the FAA, this court conducts a two-step inquiry.  The first question is whether the parties agreed to arbitrate the dispute in question.  This step involves two considerations:  (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement.  The second question is whether legal constraints external to the parties' agreement foreclose[] the arbitration of those claims.

*Ford Motor Co. v. Ables*, 207 F. App'x 443, 446 (5th Cir. 2006) (citations and internal quotation marks omitted).  And while the FAA represents a strong federal policy in favor of arbitration, that policy "does not extend to a determination of who is bound because, as stated by the Supreme Court, the purpose of the [FAA] is 'to make arbitration agreements as enforceable as other contracts, but not more so.'" *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1074 n.5 (5th Cir. 2002) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)).

The Court first ascertains "whether there is a valid agreement to arbitrate between the parties." *Ables*, 207 F. App'x at 446.  In this case, Defendants say "Plaintiffs cannot dispute that they signed the Asset Purchase Agreement, which contains a provision requiring arbitration."

Defs.' Mem. [7] at 6. That is not entirely true. There are two contracts: the Asset Purchase Agreement between Plaintiff BLW and Defendant Vicksburg Ford, and the Contract of Sale between Plaintiff BW Realty and Defendant WHT. The former contains an arbitration agreement, while the latter does not. *See* Asset Purchase Agreement [1-1] § 14. Because BLW signed an arbitration agreement, it concedes that it must arbitrate its claims against Vicksburg Ford regarding the sale of the dealership. Pls.' Mem. [10] at 7.

But neither BW Realty nor WHT signed the Asset Purchase Agreement containing the arbitration provision. And the only agreement between them, the Contract of Sale, contained no such provision. So the question becomes whether one non-signatory (WHT) to a contract with an arbitration provision can force another non-signatory to that contract (BW Realty) to arbitrate.

Starting at step one of the two-step-inquiry—whether there is a valid agreement to arbitrate between the parties—the Fifth Circuit has held that "[w]ho is actually bound by an arbitration agreement is a function of the intent of the parties, as expressed in the terms of the agreement." *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 355 (5th Cir. 2003).

As noted, neither BW Realty nor WHT signed the Asset Purchase Agreement. But WHT says that detail matters not because the arbitration provision covers "'any dispute or controversy' between the parties and 'arising out of or otherwise relating to this Agreement or any of the transactions contemplated hereby.'" Defs.' Reply [11] at 8 (quoting Asset Purchase Agreement [1-1] § 14). WHT then observes that "all of the claims against the Defendants raised in the subject Complaint constitute 'disputes' or 'controversies' with the Defendants and 'aris[e] out of or relat[e] to the Asset Purchase Agreement." *Id.* at 9 (quoting Asset Purchase Agreement [1-1] § 14).

3

Again, WHT's description is incomplete.  On its face, the arbitration provision is limited to the signatories—BLW and Vicksburg Ford.  It states:

> Dispute Resolution.  Any dispute or controversy *among the parties hereto* arising out of or otherwise relating to this Agreement or any one of the transactions contemplated hereby shall, in lieu of court action, be submitted to mandatory, binding arbitration upon written demand of either party in accordance with the procedures set forth in the American Arbitration Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration.

Asset Purchase Agreement [1-1] § 14 (emphasis added).  BW Realty and WHT were not "parties [t]hereto," *id.*, having never signed the agreement.  Indeed, they never signed any agreement to arbitrate.

That does not, however, answer the final question.  Even when the express language of the contract fails to show non-signatories' intent to arbitrate, courts "look to theories such as equitable estoppel to determine whether a non[-]signatory may compel arbitration." *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 382 (5th Cir. 2008).  "'[T]raditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.'" *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009) (quoting 21 R. Lord, Williston on Contracts § 57:19, p. 183 (4th ed. 2001)).  And those inquires must be made under the applicable state law. *Id.*

Here, Defendants attempt to establish a valid agreement to arbitrate between BW Realty and WHT in four ways:  (1) incorporation by reference; (2) agency/alter ego status; (3) estoppel; and (4) third-party-beneficiary status.  Defendants have not, however, shown that any of these theories would bind the two non-signatories to the Asset Purchase Agreement to its arbitration provision.

A.      Incorporation by Reference

WHT first says the Contract of Sale incorporated the Asset Purchase Agreement by

reference and therefore its arbitration provision.

> For an incorporation by reference to be effective, it must be clear that the parties
> to the agreement had knowledge of and assented to the incorporated terms.  A
> reference to another document must be clear and unequivocal, and the terms of
> the incorporated document must be known or easily available to the parties.  A
> document is considered incorporated by reference where the incorporating
> document specifically provides that it is subject to the incorporated one.
> However, a mere reference to another document is not sufficient to incorporate
> that other document into a contract; the writing to which reference is made must
> be described in such terms that its identity may be ascertained beyond reasonable
> doubt.

*Woodruff v. Thames*, 143 So. 3d 546, 554–55 (Miss. 2014) (quoting 17A C.J.S. Contracts § 402).

There can be no legitimate argument that the Contract of Sale between BW Realty and

WHT incorporated by reference the Asset Purchase Agreement generally or its arbitration

provision specifically.  For starters, the Contract of Sale does not expressly mention the Asset

Purchase Agreement or its arbitration provision by name, though it does recognize that

Vicksburg Ford would be closing on "the sale of substantially all of its operating assets to BLM"

contemporaneously with the closing of the land sale.  Contract of Sale [1-2] § 6.02(g).  Despite

that acknowledgement, section 16.02 expressly disclaims any terms outside the contract,

providing:  "This Contract contains the entire agreement between Seller and Purchaser, and there

are no other terms, conditions, promises, understandings, statements, or representations, express

or implied, concerning the transaction contemplated hereunder."  *Id.* § 16.02.  The Contract of

Sale does not clearly incorporate the Asset Purchase Agreement or its arbitration provision.  *See*

*Vinewood Capital, LLC. v. Dar Al-Maal Al-Islami Tr.*, 295 F. App'x 726, 730 (5th Cir. 2008)

(rejecting argument that arbitration agreement was part of "interrelated agreements, negotiations

and discussions" where contract without arbitration provision included entire-agreement provision).

B.      Alter Ego

Turning to WHT's alter-ego theory, it argues "[u]pon information and belief," that Plaintiffs BLW and BW Realty are "each the alter ego of the other." Defs.' Mem. [11] at 10. Nothing in the record supports that assertion. Under "traditional corporate-veil-piercing law," for a Mississippi court to disregard the separate legal status of two entities, the party seeking to pierce the veil must show:

> (a) some frustration of contractual expectations regarding the party to whom he looked for performance; (b) the flagrant disregard of corporate formalities by the defendant corporation and its principals; [and] (c) a demonstration of fraud or other equivalent misfeasance on the part of the corporate [parent].

*Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989). There is no indication that WHT has established any of these elements. The alter-ego theory does not render BW Realty a signatory to the arbitration provision in the Asset Purchase Agreement.

C.   Equitable Estoppel

"Equitable estoppel is an extraordinary remedy and should only be invoked to prevent unconscionable results." *Harrison Enters., Inc. v. Trilogy Commc'ns, Inc.*, 818 So. 2d 1088, 1095 (Miss. 2002). Here, Defendant WHT says Plaintiff BW Realty should be estopped from avoiding the arbitration provision in the Asset Purchase Agreement, even though neither signed that agreement.

WHT relies heavily on *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524 (5th Cir. 2000). In *Grigson*, the Fifth Circuit "applied federal common law" to decide whether a signatory to an arbitration agreement was equitably estopped from avoiding arbitration when suing a non-signatory for claims related to the contract. *Crawford Prof'l Drugs, Inc. v. CVS Caremark*

6

*Corp.*, 748 F.3d 249, 255 (5th Cir. 2014). The Court adopted an "intertwined-claims test" that WHT now invokes. *Grigson*, 210 F.3d at 527 (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)).

To begin, *Grigson* no longer provides the applicable substantive law, having been abrogated by *Arthur Andersen LLP v. Carlisle*, which held that state law applies to these issues. 556 U.S. at 631; *see also Crawford Prof'l Drugs, Inc.*, 748 F.3d at 255 ("[W]e recognize that our prior decisions applying federal common law, rather than state contract law, to decide such questions, *see Grigson* . . . , have been modified to conform with *Arthur Andersen*."). And Mississippi rejected at least part of the *Grigson* analysis in *B.C. Rogers Poultry v. Wedgeworth*, 911 So. 2d 483 (Miss. 2005).

Even if *Grigson* applied, WHT has not articulated a theory that would trigger it. At bottom, *Grigson* recognized that "in certain limited instances, pursuant to an equitable estoppel doctrine, a non-signatory-to-an-arbitration-agreement-defendant can nevertheless compel arbitration against *a signatory*-plaintiff." *Grigson*, 210 F.3d at 526 (emphasis added). BW Realty is not "a signatory-plaintiff." *Id.* It never agreed to arbitrate anything.

Absent some basis for attaching signatory status to BW Realty, the policy for applying estoppel disappears. As the Fifth Circuit noted, "*a signatory* to that agreement cannot . . . 'have it both ways': it cannot, on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory." *Grigson*, 210 F.3d at 528. Not only is BW Realty not a signatory (or the alter ego of one), it is not seeking to enforce duties under the Asset Purchase Agreement; its claims relate to the arbitration-free Contract of Sale.

Finally, WHT has not cited any Mississippi cases suggesting that a plaintiff is estopped from avoiding an arbitration provision in a contract that neither it nor the defendant signed when suing for injuries under a separate arbitration-free contract. *See B.C. Rogers Poultry, Inc.*, 911 So. 2d at 491 (refusing to apply equitable estoppel where plaintiff was not seeking relief under the contract with the arbitration provision.)

D.    Third-Party Beneficiaries

Finally, WHT says BW Realty and WHT are "third-party beneficiaries to or of the Asset Purchase Agreement." Defs.' Reply [11] at 9. But section 15.11 of the Asset Purchase Agreement dooms that argument. It states: "No Third Party Beneficiaries. No other person or entity has an interest in this Agreement, and no person or entity shall be deemed to be a third party beneficiary hereof." Asset Purchase Agreement [1-1] § 15.11. Under Mississippi law, section 15.11 precludes a finding that BW Realty or WHT are third-party beneficiaries to the Asset Purchase Agreement. *See Garrett Enters. Consol., Inc. v. Allen Utils., LLC*, 176 So. 3d 800, 805 (Miss. Ct. App. 2015) (finding clause providing "Nothing . . . in this Agreement is intended to or shall be construed to create any rights for or to bestow any benefits upon third parties" demonstrated the "parties' clear disclaimer of any intent to create third-party rights").

In sum, nothing in the contract to which it is a party nor Mississippi law requires BW Realty to arbitrate the claims it has asserted in this lawsuit. As such, the motion to compel arbitration is granted as to BLW's claims against Vicksburg Ford but denied as to BW Realty's claims against WHT. The claims between BLW and Vicksburg Ford shall be stayed pending resolution of the arbitration. *See Wick v. Atlantic Marine*, 605 F.2d 166, 168 (5th Cir. 1979) ("[I]t is settled in this circuit that if some claims are arbitrable and others are not and they are

8

easily severable, that the court should stay proceedings as to those claims which are arbitrable.")).  The claims as to BW Realty may proceed in this Court without a stay.

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion to Compel Arbitration and to Dismiss or Stay Case Pending Arbitration [6] is granted in part and denied in part.  BLW's claims against Vicksburg Ford are stayed pending arbitration.  The motion is denied as to BW Realty's claims against WHT, which will proceed.

**SO ORDERED AND ADJUDGED** this the 1st day of April, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE